UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRITTNEY GWARA

        Plaintiff,

v.                                                                        Case No. 3:20-cv-301-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### I. Status

Brittney Gwara ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of multiple sclerosis. See Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed September 1, 2020, at 59, 69, 84, 96, 227 (emphasis and some

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed September 1, 2020; Reference Order (Doc. No. 12) entered September 2, 2020.

capitalization omitted). On May 4, 2017, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of January 1, 2017. Tr. at 210 (DIB); Tr. at 200 (SSI).[3] The applications were denied initially, Tr. at 59-68, 79, 82, 111-13 (DIB); Tr. at 69-78, 80, 81, 114-16 (SSI), and upon reconsideration, Tr. at 83-94, 108, 109, 143-47 (DIB); Tr. at 95-106, 107, 110, 148-52 (SSI).

On April 19, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 30-58. On July 9, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 12-24.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council, see Tr. at 196-99, and submitted additional evidence in the form of a brief authored by Plaintiff's counsel, Tr. at 4, 5; see also Tr. at 287-89 (brief). On January 21, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On March 24, 2020, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues that the ALJ did "not give a sufficient

---

[3] Although actually completed on May 4, 2017, see Tr. at 210 (DIB), 200 (SSI), the protective filing date of the applications is listed elsewhere in the administrative transcript as April 19, 2017, see, e.g., Tr. at 59, 84 (DIB); Tr. at 69, 96 (SSI).

2

justification for rejecting Plaintiff's testimony about her pain and functional limitations." Memorandum of Law (Doc. No. 15; "Pl.'s Mem."), filed October 29, 2020, at 1; see id. at 11-17. On December 31, 2020, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing Plaintiff's argument.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v.

---

[4]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3

Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 15-24. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 1, 2017, the alleged onset date." Tr. at 15 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairment: multiple sclerosis (MS)." Tr. at 15 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, and can occasionally balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to extreme cold, wetness, vibration, unprotected heights, and the use of moving machinery. Work is limited to simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work-related decisions and routine workplace changes. She is limited to no interaction with the public and only occasional interaction with coworkers and supervisors.

Tr. at 17-18 (emphasis omitted).

4

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Collection Clerk." Tr. at 22 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("27 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the testimony of the VE and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 22-23 (emphasis and citation omitted), such as "Office Helper," "Garment Sorter," and "Marker," Tr. at 23. The ALJ concluded that Plaintiff "has not been under a disability . . . from January 1, 2017, through the date of th[e D]ecision." Tr. at 24 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

### A.   Parties' Arguments

Plaintiff argues that the ALJ's assigned RFC is not supported by substantial evidence because the ALJ's Decision "does not give a significant justification for rejecting Plaintiff's testimony about her pain and her functional limitations." Pl.'s Mem. at 1.

The parties agree that the ALJ articulated three reasons for discounting Plaintiff's testimony: 1) Plaintiff is able to take care of her two children below the age of three and act as a caregiver for her elderly mother; 2) she is able to frequently walk around her home and her medical records indicate she can

ambulate without an assistive device; and 3) the ALJ was persuaded by Frank Walker, M.D.'s[5] opinion. Tr. at 22;[6] see Pl.'s Mem. at 12-17; Def.'s Mem. at 4-10.

Taking issue with these three reasons, Plaintiff argues: 1) "[t]he ALJ erred in equating Plaintiff's childcare activities to the ability to perform light work" and also erred "by accepting the physical therapist's statement that Plaintiff was a caregiver for her mother"; 2) "Plaintiff's ability to walk around her home for short periods of time did not contradict her testimony that she could not stand or walk for prolonged periods of time"; and 3) "the ALJ erred by relying on Dr. Walker's opinion because later evidence that the doctor did not have a chance to review proves that Plaintiff has greater work restrictions than Dr. Walker described." Pl.'s Mem. at 12-14 (argument one), 14-15 (argument two), 15-16 (argument three).

Responding, Defendant asserts that "the ALJ properly considered [Plaintiff's] subjective statements in assessing her RFC and substantial evidence supports the ALJ's RFC finding." Def.'s Mem. at 4. Defendant argues that "while the evidence indicated some positive findings on exam, it did not

---

[5] Dr. Walker rendered this opinion on August 29, 2017 at the reconsideration level. See Tr. at 83-94 (DIB); Tr. at 95-106 (SSI).

[6] When assigning a weight to the state agency medical consultant's opinion, the ALJ's Decision does not mention Dr. Walker by name, but the ALJ cites to Exhibits 7A and 8A. See Tr. at 22. These exhibits contain Dr. Walker's August 2017 opinion rendered at the reconsideration level. See Exhibit 7A (located at Tr. at 83-94 (DIB)); Exhibit 8A (located at Tr. at 95-106 (SSI)).

7

support that an assistive device was medically necessary under the [SSA]'s regulations or that Plaintiff could not stand and/or walk for up to six hours in an eight-hour workday, i.e., frequently." Id. at 8 (citation omitted). Defendant further points out that "the record documents [show] that Plaintiff herself admitted that she walked frequently around the house in order to care for her young children." Id. (emphasis omitted). Defendant also argues Dr. Walker's opinion that the ALJ found persuasive, particularly regarding the reduced range of light work Dr. Walker assessed, "w[as] consistent with the overall medical evidence of record, objective findings, course of treatment, and activities of daily living." Id. at 9 (citation omitted).

**B. Applicable Law**

**1. RFC Assessment**

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990)

(stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

### 2. Subjective Complaints

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"When evaluating the claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ.

9

Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

**C.  Analysis**

The ALJ summarized Plaintiff's testimony, see Tr. at 18-19, and then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements

10

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision," Tr. at 19.

The ALJ's findings regarding Plaintiff's testimony are supported by substantial evidence.[7] The ALJ first found that Plaintiff is able to take care of her two young children and acts as a caregiver to her mother. See Tr. at 22. While some medical records show that Plaintiff receives help with childcare, see, e.g., Tr. at 440 (March 6, 2018), 447 (February 6, 2018), 562 (November 20, 2017),[8] a more recent medical record (dated February 20, 2019, approximately two months before her hearing) indicates Plaintiff "reports frequently walking around the home to care for her infant and toddler" and she does not do formal exercises because "the kids are enough." Tr. at 417. This same medical record also states under the Leisure/Sports Activities, "Care for 2 children under 3" years old. Tr. at 418. Plaintiff also testified that, although she does receive help from her parents, she "provide[s] care for [her] kids." Tr. at 44. Plaintiff further testified that she feeds her children and "really just stay[s] home with [her]

---

[7] Ideally, an ALJ would provide a detailed discussion of a claimant's testimony in a dedicated section of the Decision. Here, the ALJ's reasoning for discounting Plaintiff's testimony is embedded throughout his discussion (and findings) of the medical evidence of record. Nevertheless, it is clear the ALJ adequately considered all evidence in the administrative transcript in discounting Plaintiff's testimony.

[8] Each of these progress notes indicates that Plaintiff "has help at home to help care [for] her infant."

kids." Tr. at 45. The finding that Plaintiff cares for her children is supported by substantial evidence.

Regarding the ALJ's finding that Plaintiff acts as the caregiver for her "elderly mother," it appears that the ALJ again relied on the February 20, 2019 medical record indicating "[Plaintiff] participates in the following leisure/sport activities . . . care taker of elderly mother." See Tr. at 22; see also Tr. at 418 (treatment note). Plaintiff argues in her memorandum that "the provider who wrote that note was incorrect." Pl.'s Mem. at 13. Plaintiff also relies on her own testimony to argue this statement is inaccurate. See id. at 13-14. However, this notation was nonetheless part of the administrative transcript that the ALJ was allowed to consider. The evidence as a whole supports the ALJ's Decision, and this does not necessitate remand.[9]

The ALJ's second reason for discounting Plaintiff's testimony is that she did not require an assistive device to ambulate. See Tr. at 22. In the subjective portion of the February 20, 2019 medical record, it shows that Plaintiff uses a walker "around the house and out in the community when fatigued, at home no AD." Tr. at 417.[10] This notation in the treatment note appears contradictory as it first describes that Plaintiff uses a walker at home but then ends with the

---

[9] Regardless, this potential error is harmless as the ALJ did not solely rely on this finding to discount Plaintiff's testimony.

[10] AD likely stands for assistive device.

12

statement, "at home no AD." Tr. at 417.[11] But, the treatment note goes on to reflect that "[Plaintiff] also reports frequently walking around the home . . . ." Tr. at 417. Most importantly, at her hearing on April 19, 2019, Plaintiff testified (and the ALJ then clarified for the record) that she was not prescribed an assistive device. See Tr. at 41. Plaintiff also testified that she was getting fitted for "a drop foot brace" that will "help [her] pick [up her foot] so [she is] not always falling or twisting [her] ankle." Tr. at 41-42. The ALJ's finding regarding the assistive device is supported by substantial evidence.

Turning to the third reason, the ALJ found Dr. Walker's opinion "persuasive." Tr. at 22. The ALJ found that even though Dr. Walker "did not have the opportunity to examine [Plaintiff] or to review subsequent evidence received at the hearing level," Dr. Walker's "opinion is consistent with the overall medical evidence of record, objective findings, course of treatment, and [activities of daily living], which are all consistent with a reduced range of light exertion work a[s] opined." Tr. at 22. Plaintiff argues that her 2017 and 2018 treatment notes, some of which post-date Dr. Walker's review of the file, "corroborate Plaintiff's testimony that she has significant restrictions in standing and walking." Pl.'s Mem. at 16. However, the ALJ recognized medical and other evidence that post-dates Dr. Walker's opinion, see Tr. at 19-21, and

---

[11] The treatment note also shows that Plaintiff "uses the following assistive/supportive device(s): rolling walker." Tr. at 418.

found that Dr. Walker's opinion was still consistent with this evidence, see Tr. at 22. The ALJ's finding regarding Dr. Walker's opinion is supported by substantial evidence.

## V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 20, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keh
Copies:
Counsel of Record